IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOHN LLOYD SPRADLEY,

        Plaintiff,        6:11-cv-6366-TC

        v.        FINDINGS AND
                RECOMMENDATION

MARK NOOTH, et al.,

        Defendants.

COFFIN, Magistrate Judge.

    Plaintiff, an inmate in the custody of the Oregon Department of Corrections filed a complaint under 42 U.S.C. § 1983 alleging that defendants violated his rights under the Eighth Amendment by denying him adequate medical care.

    Defendants now move for summary judgment (#31). On July 11, 2012, plaintiff was sent a Summary Judgment Advice Notice (#36).

1 - FINDINGS AND RECOMMENDATION

The relevant facts are set forth in defendants' Memorandum (#32) at pages 2 - 5, and supported by the declaration of James Taylor (#33) and the Declaration of Garth Gulick (#34). In his Response (#35) plaintiff argues that he exhausted administrative remedies with respect to his claims. However, plaintiff has not submitted any evidence in support of his argument in this regard or controverted the Declaration of James Taylor. Plaintiff has not disputed any of the other facts set forth in defendants' memorandum and affidavits.

Plaintiff names three John Doe "doctor" defendants. However, the John Doe defendants have not been identified or served. Consequently, they are not properly before the court and are entitled to judgment as a matter of law.

The Eleventh Amendment bars plaintiff's claims against the State of Oregon and plaintiff's claims against the individual defendants in their official capacities.

The Supreme Court has repeatedly stated that a state or its officials or agencies may not be sued by private individuals in federal court unless the state has unequivocally consented to that action, or Congress has unequivocally expressed its intent under the Fourteenth Amendment to waive the immunity of the States. Board of Trustees of University of Alabama v. Garrett, 531 U.S. 356 (2001); Seminole Tribe of Florida v. Florida, 517 U.S. 44, 54

(1996); see also, Quern v. Jordan, 440 U.S. 332 (1979); Edleman v. Jordan, 415 U.S. 651, 673 (1984); Pennhurst State School and Hospital v. Halderman, 465 U.S. 89 (1984). The Eleventh Amendment otherwise bars any such action regardless of the nature of the relief sought. Cory v. White, 457 U.S. 85 (1982); Brooks v. Sulpher Springs Valley Elec. Co-Op, 951 F.2d 1050, 1053 (9th Cir. 1991). In addition, a state's waiver of sovereign immunity in its own court's does not waive its Eleventh Amendment immunity in federal court. Edleman v. Jordan, supra. Thus, the enactment of the Oregon Tort Claims Act did not waive the State of Oregon's Eleventh Amendment immunity.

Individual defendants share in the Eleventh Amendment immunity afforded states and state agencies where the individuals are sued in their official capacities because such suits "are, in essence, actions against the government entity of which the officer is an agent." Mitchell v Los Angeles Community College Dist., 861 F.2d 198, 201-02 (9th Cir. 1999). Under the "arm of the state" doctrine, a state entity and its officers in their official capacities share the state's sovereign immunity because "'the state is the real party in interest and is entitled to invoke its sovereign immunity from suit even though individual officials [or state entities] are nominal defendants.'" Durning v. Citibank, N.A., 950 F.2d

1419, 1423 (9th Cir. 1991) (*quoting* Ford Mtor Co. V. Dep't of Treasury, 323 U.S. 459, 464 (1945)). A suit against a state officer in his official capacity is effectively considered a suit against the official's office, and therefore, it "is no different than a suit against the State itself." Will v. Michigan Dep't of State Police, 419 U.S. 58, 71 (1989).

Thus, Defendant State of Oregon is entitled to judgment as a matter of law as to plaintiff's claims against it. Similarly, the individual defendants are immune from suit and entitled to judgment as a matter of law to the extent plaintiff seeks to hold them liable in their official capacities.

Plaintiff apparently seeks to hold defendant Nooth liable on a theory of *respondeat superior.* However, to establish a § 1983 claim against an individual defendant, a plaintiff must establish personal participation by the defendant in the alleged constitutional deprivation. Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009). It is well settled that respondeat superior is not a proper basis for liability under 42 U.S.C. § 1983. Monell v. Dept. of Social Services of City of New York, 436 U.S. 658, 691-694 (1978); Rizzo v. Goode, 423 U.S. 362, 375-76 (1976); King v. Atiyeh, 814 F.2d 565, 568 (9th Cir. 1987). Absent an allegation that the named state officials were personally involved in the alleged deprivation

of constitutional rights, a complaint under 42 U.S.C. § 1983 does not state a claim. See, Boddie v. Coughlin, 583 F. Supp. 352, 356 (S.D.N.Y. 1984); Tunnell v. Office of Public Defender, 583 F. Supp. 762, 767 (E.D. Pa. 1984); Black v. Delbello, 575 F. Supp. 28, 30 (S.D.N.Y. 1983); Knipp v. Winkle, 405 F. Supp. 782, 783 (N.D. Ohio 1974). A supervisor may be liable based on his or her personal involvement in the alleged deprivation, or if there is a sufficient causal connection between the supervisor's alleged wrongful conduct and the alleged deprivation, Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989), but a "supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989), citing Ybarra v. Reno Thunderbird Mobile Home Village, 723 F.2d 675, 680-81 (9th Cir. 1984). See also, Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994) (supervisory liability only when a) actual or constructive knowledge of a pervasive and unreasonable risk of injury; b) deliberate indifference to or tacit authorization of the practice; and c) an affirmative causal link between inaction and the injury). Supervisory officials may also be liable if they "implement a policy so deficient that the policy `itself is a repudiation of constitutional rights' and

is 'the moving force of the constitutional violation.'" <u>Redman v. County of San Diego</u>, 924 F.2d 1435, 1446 (9th Cir. 1991), <u>cert. denied</u>, 112 S. Ct. 972 (1992) (quoting <u>Hansen v. Black</u>, supra, 885 F.2d at 646, in turn quoting <u>Thompkins v. Belt</u>, 828 F.2d 298, 304 (5th Cir. 1987); <u>see also</u>, <u>Jane Doe A v. Special School District</u>, 901 F.2d 642, 645 (8th Cir. 1990)("The individual defendants are subject to personal liability only if it can be proved that they: 1) received notice of a pattern of unconstitutional acts committed by subordinates; (2) demonstrated deliberate indifference to or tacit authorization of the offensive acts; 3) failed to take sufficient remedial action; and 4) that such failure proximately caused injury.").

In this case, plaintiff apparently names defendant Nooth as a defendant solely because of his supervisory role. Plaintiff has not alleged any facts that would subject defendant Nooth to liability under the principles discussed above. Accordingly, defendant Nooth is entitled to judgment as a matter of law.

Plaintiff alleges in Claim I that defendants violated his "right to proper medical care" in violation of the Eighth Amendment.

42 U.S.C. § 1997(e)(a) requires that inmates exhaust all administrative remedies prior to filing any action challenging prison conditions, including actions under 42 U.S.C. § 1983. <u>Woodford v. Ngo</u>, 126 S.Ct. 2378, 2383 (2006); <u>Porter v.</u>

6 - FINDINGS AND RECOMMENDATION

Nussle, 534 U.S. 516, 531-32 (2002); Booth v. Churner, 532 U.S. 731 (2001); Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003); Bennett v. King, 293 F.3d 1096, 1098 (9th Cir. 2002); and McKinney v. Carely, 311 F.3d 1198 (9th Cir. 2002). A prison's grievance requirements define the boundaries of proper exhaustion. Jones v. Bock, 127 S.Ct. 910, 923 (2007).

The Oregon Department of Corrections' grievance system to address inmate complaints is prescribed in the Oregon Administrative Rules (OAR) Chapter 291, Division 109. The rules describe a three-step grievance process that must be properly and timely followed in order for an inmate's grievance to be exhausted. First, inmates are encouraged to communicate with line staff verbally or in writing as their primary means of resolving disputes. If this step does not bring resolution, the inmate may file a grievance by using a form CD 117. An inmate may appeal the grievance response to the functional unit manager. To do this, the inmate must complete a Grievance Appeal form CD-117c and file it with the grievance coordinator within 14 calendar days of transmission of the contested response. Following this first appeal, an inmate may then appeal the decision made by the functional unit manager to the Assistant Director (or his designee). The Assistant Director's or designee's decision on an inmate's grievance appeal is final and not subject to further review. Declaration of James Taylor (#33P p. 2 and Attachment 2, pp. 1-8.

7 - FINDINGS AND RECOMMENDATION

The Declaration of James Taylor (#33) establishes that plaintiff did not properly exhaust administrative remedies with respect to many of his claims in this case. Although plaintiff *filed* numerous grievances, he did not appeal the responses to Grievances No. SRCI.2010.12.048 or Grievance No. SRCI.201012.122. Declaration of James Taylor (#33) p. 4-5 and attachments 4 and 6. Grievance No.s SRCI.2010.01.068, SRCI.2010.01.137, were denied and returned to plaintiff as duplicates of previously filed grievances. *Id.* p. 6-7.

Plaintiff also filed a grievance regarding medical treatment of his stomach pain on January 27, 2011 and it was assigned Grievance No. SRCI.2010.01.137. Declaration of James Taylor (#33) p. 5 and Attachment 9.[1]

Defendants acknowledge that plaintiff exhausted administrative remedies with respect to that complaint. *Id.* p. 5-6. Defendants argue, "[h]owever, the grievance did not indicate which specific incident of stomach pain he was complaining about. Because that grievance was filed after two previous grievances that were not exhausted and before the incident addressed in his second claim, Defendants' position is that the grievance does not address any of the issues raised in Plaintiff's complaint." Memorandum in Support (#32)

---

[1] Defendant's Memorandum incorrectly identifies the grievance as "Grievance No. SRCI.01.187."

p. 9, fn.3.

Plaintiff is proceeding *pro se*. His allegations are not a model of clarity. His grievances were also general and ambiguous. In Claim I he alleges that he sustained a "severe abdominal injury and has been making complaints to medical staff since September 2010 and before." Complaint (#2) p. 3. He further alleges that he is in "severe pain" and that he has been denied an "adequate internal exam."

All of plaintiff's grievances generally allege a lack of adequate medical care for his stomach pain which is the crux of Claim I in this action. Defendants acknowledge that plaintiff exhausted remedies with respect to at least one of his grievances. Under these circumstances, I find that it is appropriate to address plaintiff's claim I on the merits.

Assuming *arguendo* that plaintiff exhausted his administrative remedies with respect to any of his claims in this case, I find as follows.

In order to prevail on a 42 U.S.C. § 1983 claim that medical treatment has been denied or inadequately rendered, a prisoner must establish that there has been a "deliberate indifference to [his] serious medical needs." <u>Estell v. Gamble</u>, 429 U.S. 97, 104 (1976); <u>Lopez v. Smith</u>, 203 F.3d 1122, 1131 (9th Cir. 2000); see also, <u>Clements v. Gomez</u>, 298 F.3d 898, 904 (9th Cir. 2002).

9 - FINDINGS AND RECOMMENDATION

A determination of "deliberate indifference" requires an examination of two elements: 1.) The seriousness of the prisoner's medical needs, and 2.) The nature of the defendant's response. McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992) (overruled on other grounds by WMX Techs., Inc v. Miller, 104 F.3d 1133 (9th Cir. 1997). To find deliberate indifference, "[a] defendant must purposefully ignore or fail to respond to a petitioner's pain or possible medical need." Id. at1060.

Whether a medical condition is serious is ordinarily a question left to physicians, Brownell v. Figel, 950 F.2d 1285, 1291 (7th Cir. 1991) Davis v. Jones, 936 F.2d 971, 992 (7th Cir. 1991), but in general a medical condition is serious if it is life threatening or poses a risk of needless pain or lingering disability if not treated at once. Id., 936 F.2d at 972; see also, Farmer v. Brennan, 511 U.S. 825, 847 (1994).

Medical malpractice, even gross malpractice, does not amount to a violation of the Eighth Amendment, see, Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980). Thus, a dispute between a prisoner and prison officials over the necessity for or extent of medical treatment does not raise a claim under 42 U.S.C. § 1983. Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004). "Rather, to prevail on a claim involving choices between alternative courses of treatment, a

10 - FINDINGS AND RECOMMENDATION

prisoner must show that the chosen course of treatment 'was medically unacceptable under the circumstances,' and was chosen 'in conscious disregard of an excessive risk to [the prisoner's] health.'" Id, (quoting Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996.

Because courts lack medical expertise, "where prisoners receive some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgment." Miranda v. Munoz, 770 F.2d 255, 259 (1st Cir. 1985); Layne v. Vinzant, 657 F.2d 468, 474 (1st Cir. 1985); Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004).

Liability may be imposed only where the decision by the medical professional is so objectively unreasonable as to demonstrate that it was not based on professional judgment. Parham v. J.R., 442 U.S. 584,(1976); Estate of Conners v. O'Conner, 846 F.2d 1205, 1209 (9th Cir. 1988), cert. Denied, 489 U.S. 1065 (1989).

In this case, the undisputed facts of record establish that on September 10, 2010, plaintiff received an intake evaluation at Coffee Creek Correctional Facility and complained of having a "knot" in his side and reported that he almost could not feel his legs. Declaration of Garth Gulick (#34) p. 3. The nurse's examination of plaintiff revealed a

11 - FINDINGS AND RECOMMENDATION

stable gait, his abdomen was flat, soft and not tender and he had no masses. *Id.* On November 9, 2010, plaintiff was examined by a doctor after complaining of stomach pain. *Id.* The doctor ordered that plaintiff participate in diagnostic tests to determine the cause of his abdominal pain, but plaintiff refused to take the tests. *Id.* On November 23, 2010, plaintiff was examined by a doctor and given a KUB (kidney, ureters, and bladder) camera x-ray which showed a large amount of stool in his intestine. *Id.* p. 4. Plaintiff was prescribed a stool softener and was seen again on November 30, 2010 for complaints of stomach pain. Plaintiff was insistent on receiving a CT scan and would not consider any other diagnostic tools. *Id.*

Under these circumstances, I find that plaintiff has failed to establish that he had a serious medical need or that defendants were deliberately indifferent to his medical needs.

Plaintiff's condition was diagnosed as constipation and a reasonable course of treatment (stool softeners) was prescribed. Plaintiff refused to cooperate with his physicians in conducting other recommended diagnostic procedures. As noted above, a plaintiff's disagreement with his doctor's opinion over the need for and or extent of treatment does not constitute a claim cognizable under 42 U.S.C. § 1983. <u>Toguchi v. Chung</u>, 391 F.3d 1058. Plaintiff has

12 - FINDINGS AND RECOMMENDATION

failed to establish that defendants' chosen course of treatment was medically unacceptable under the circumstances or that it was chosen in conscious disregard for an excessive risk to plaintiff's health. *Id.*

Defendants are entitled to judgment as a matter of law as to plaintiff's Claim I.

Plaintiff alleges in Claim II that "(s)ometime during August 2011 (he) was having extreme pain and numbness which made it unbearable to walk" and was escorted to the prison infirmary in a wheelchair. Complaint (#2) p. 4. "Medical staff" allegedly advised plaintiff that "he was not really hurt, and that he was only constipated." Plaintiff further alleges that Dr. Garth advised corrections staff not to give plaintiff wheelchair assistance and that "staff forced plaintiff to walk about ... 1 quarter mile when he was in extreme pain." *Id.*

Plaintiff alleges that this incident constituted cruel and unusual punishment under the Eighth Amendment and violated plaintiff's right to adequate medical care.

The Declaration of James Taylor indicates that plaintiff did not file a grievance regarding his health care or the denial of wheel chair assistance in August 2011. Declaration of James Taylor (#33) p. 7. Plaintiff's response (#35) acknowledges that he cannot remember whether he grieved the

13 - FINDINGS AND RECOMMENDATION

wheelchair incident and that he "is tired of filing grievances over every little issue." Response (#35) p. 2-3.[2]

I find that there is no genuine issue of material fact that plaintiff did not exhaust administrative remedies as to his claim based on inadequate medical care and the denial of wheel chair assistance in August 2011. Accordingly, Claim II is not properly before the court.

In any event, defendant Garth is the only defendant mentioned in Claim II. Plaintiff does not name (or identify) the corrections officers that refused to transport plaintiff by wheelchair.[3] Therefore, plaintiff's claim II is essentially based on a disagreement with Dr. Garth's medical judgment that plaintiff's condition did nor require wheelchair assistance.

As noted above plaintiff's disagreement with his doctor over medical treatment does not give rise to a claim for the denial of adequate medical treatment under 42 U.S.C. § 1983.

Assuming that defendants' conduct violated plaintiff's constitutional rights, I find that defendants are entitled to qualified immunity from liability for such actions.

Officials performing their official duties are entitled

---

[2] Plaintiff also contends: "My civil complaints have nothing to do with the wheel chair event." Plaintiff's Response 35) p. 2.

[3] Presumably the unnamed corrections officers were ultimately responsible for the decision as to whether plaintiff would be transported by wheelchair. Therefore, the officers would be the proper defendants in a Eighth Amendment claim based on being required to walk.

14 - FINDINGS AND RECOMMENDATION

to qualified immunity from liability in damages where they did not violate plaintiff's clearly established constitutional rights, Harlow v. Fitzgerald, 457 U.S. 800 (1982); Act Up!/Portland v. Bagley, 988 F.2d 868 (9th Cir. 1993); see also, Anderson v. Creighton, 483 U.S. 635, (1987). The Ninth Circuit has articulated a two part analysis for determining an official's qualified immunity: (1) was the law governing the official's conduct clearly established? [and] (2) Under the law, could a reasonable officer believed the conduct was lawful? Neely v. Feinstein, 50 F.3d 1502, 1507 (1995) (citing Act Up!/Portland v. Bagley, 988 F.2d 868, 871 (9th Cir. 1993)).

"The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Saucier v. Katz, 533 U.S. 194, 202 (2001).

Assuming *arguendo* that the facts alleged by plaintiff implicate his constitutional rights, I find that plaintiff has failed to demonstrate that it would be clear to a reasonable doctor that their chosen course of treatment might be illegal or violate plaintiff's constitutional rights.

Based on all of the foregoing, I find that there are no genuine issues of material fact remaining in this case and that defendants are entitled to judgment as a matter of law.

15 - FINDINGS AND RECOMMENDATION

Defendants' Motion for Summary Judgment (#31) should be allowed. This action should be dismissed with prejudice.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

***Any appeal form an order adopting this Finding and Recommendation or Judgment of dismissal would be frivolous and not taken in good faith.***

DATED this 26T day of September, 2012.

THOMAS M. COFFIN
United States Magistrate Judge

16 - FINDINGS AND RECOMMENDATION